IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Doe and Jane Doe, Individually, and in a representative capacity as the parents and next friends of their minor daughter, S.D., <br><br> Plaintiffs, <br><br> vs. <br><br> Dr. Phinnize J. Fischer Middle School, Greenville County Schools, Olivia G. Bennett, Robert E. Ivey, Bradley A. Harvey, Kyle D. Pearson, Christine V. Thomas, Paketrice S. White, Jeremie R. Smith, and Raashad L. Fitzpatrick, <br><br> Defendants. | C.A. No. 6:24-cv-03324-DCC <br><br> **DEFENDANTS' MEMORADUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AND IN SUPPORT OF THEIR CROSS MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendants, Dr. Phinnize J. Fisher Middle School, Greenville County Schools, Olivia G. Bennett, Robert E. Ivey, Bradley A. Harvey, Kyle D. Pearson, Christine V. Thomas, Paketrice S. White, Jeremie R. Smith, and Raashad L. Fitzpatrick ("Defendants"), as well as putative defendants Metris Cain and John Teer, hereby submit this Memorandum in Opposition to Plaintiff's Motion to Amended Plaintiff's Complaint initially filed on November 12, 2024, (ECF No. 25). This motion was denied by order dated February 12, 2025 (ECF No. 29) with leave for the Plaintiff to re-file the motion within 10 days, which was done on February 14, 2025. (ECF No. 31) This memorandum also addresses the legal arguments in support of Defendants' Motion for Judgment on the Pleadings, filed concurrently herewith.

In their Motion to Amend, Plaintiffs seek to add two new individual employees – Metris Cain and John Teer - as defendants for certain causes of action including: Second Cause of

Action styled "Negligence/Recklessness/Willful and Wanton Conduct"; Third Cause of Action styled "Outrage/Intentional or Reckless Infliction of Emotional Distress"; Fourth Cause of Action, styled "Title IX, 20 U.S.C. § 1681 et seq."; Fifth Cause of Action, styled "42 U.S.C. Section 1983 and Violation of Title VI and Violation of 20 U.S.C. Section 28 et seq."; Sixth Cause of Action styled "Violation of the Restatement of Torts 323"; and a Seventh Cause of Action styled as "Necessaries Claim." Plaintiffs also seek to dismiss the middle school and Mr. Fitzpatrick as named defendants[1]; omit the cause of action for assault and battery, and correct a reference to Title IV to Title VI in the Fifth Cause of Action.

## LEGAL STANDARD REGARDING MOTION TO AMEND

Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A court may deny a motion to amend based on futility of the amendment. *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

---

[1] Though Plaintiffs state that they are dismissing Fitzpatrick and the school as defendants, they are still listed in the caption of the proposed Amended Complaint (ECF 31-1). Defendants obviously consent to the dismissal of these parties.

2

## **LEGAL STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

A motion for judgment on the pleadings is designed to "dispos[e] of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." 5C Charles A. Wright et al., Federal Practice and Procedure § 1368 (3d ed. 2004). A Rule 12(c) motion applies the same standard that applies to motions made under Rule 12(b)(6). *Drager v. PLIVA USA, Inc.,* 741 F.3d 470, 474 (4th Cir. 2014) (citing *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012)). Therefore, a motion for judgment on the pleadings should be granted only "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.* (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

For the reasons set forth below, Plaintiffs' proposed amendments regarding the new defendants would be futile, as the facts presented by the Plaintiffs do not state any viable claim for relief against them. Furthermore, under Rule 12(b)(6), a complaint may be dismissed if it does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While Fed. R. Civ. P. 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Hence, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id., quoting Twombly*, 550 U.S. at 555. Nor will a complaint that tenders merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678; *Twombly*, 550

U.S. at 557. The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully" – stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations pleaded must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Because the claims against other individual defendants also fail, they should also be dismissed as parties to this action.

## ARGUMENTS

**A. The Individual Defendants Are Not Proper Parties To The Negligence Claims**

In the proposed Amended Complaint, Plaintiffs allege that each individually named Defendant was acting within the course and scope of their employment; that they were acting under the scope of their agency and authority under the South Carolin Tort Claims Act and thus, any of their negligent acts create a liability on behalf of the employer. (ECF 31-1, ¶¶ 29-31.) Because the Defendants in this action are a public school district and its employees acting in the course and scope of their agency, as Plaintiffs aver, the South Carolina Tort Claims Act (TCA) applies. The TCA states, in relevant part, that "[w]hen bringing an action against a governmental entity under the provisions of this chapter, [the plaintiff] shall name as a party defendant only the agency or political subdivision for which the employee was acting …." *See* S.C. Code Ann. §§ 15-78-70(c), 15-78-200.  The Act grants immunity from suit to individual governmental employees for actions taken in the scope of their employment, as Plaintiffs have specifically alleged. As such, the individually-named defendants are immune from suit and liability under the Tort Claims Act for the negligence claims – Counts One and Two. Moreover, Section 15-78-30(f) of the TCA specifically bars recovery for Plaintiffs' Third Cause of Action - Intentional

4

Infliction of Emotional Distress. *See Gore v. Dorchester Cnty. Sheriff's Off.*, 442 S.C. 438, 443, 900 S.E.2d 423, 426 (2024). Because the proposed amendments to add two new individual employees as defendants to these claims are futile, the motion to amend as to these claims should be denied. Moreover, Tort Claims Act-based gross negligence claims against the individual defendants must also be dismissed.

### B.  There Is No Individual Liability Under Title IX

Title IX does not confer a private cause of action against individuals. The Supreme Court has recognized that Title IX precludes individual liability. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009)("Title IX reaches institutions and programs that receive federal funds ... but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."). *See also*, *Doe v. Erskine Coll.,* No. CV 8:04-23001-RBH, 2005 WL 8163323, at *4 (D.S.C. 2005)(holding that because only federally funded educational institutions are subject to liability in private causes of action under Title IX, Plaintiff cannot sustain a Title IX claim against individual defendants.) Because Plaintiffs can only assert this cause of action against the School District, as the entity defendant, this claim should be dismissed as to all of the individual defendants.

### C.    Plaintiffs Have Not Stated A Claim Against Individuals Under 42 U.S.C. §1983, or Title VI[2]

As to the 42 U.S.C. § 1983 claim, Plaintiffs' proposed Amended Complaint does not plead any specific theory of liability or underlying constitutional violation with appropriate specificity against any individual defendant to pass *Iqbal/Twombly* pleading requirements. Plaintiffs attempt to allege an equal protection violation, which would require proof that the minor plaintiff: (1) was subject to discriminatory peer harassment; (2) the school administrator

---

[2] Plaintiffs' reference to "20 U.S.C. § 28," which appears to be a repealed agricultural education statute, is unclear to Defendants and appears only in the heading of the Fifth Cause of Action.

5

"responded to the discriminatory peer harassment with deliberate indifference, i.e. in a manner clearly unreasonable in light of known circumstances"; and (3) the school administrator's deliberate indifference was motivated by a discriminatory intent. *See Ricketts v. Wake Cnty. Pub. Sch. Sys., WCPSS*, 125 F.4th 507, 525 (4th Cir. 2025).

In reviewing ECF 31- 1, pp. 22-25, ¶¶ 141-163, there are no specific allegations naming any of the individual defendants as having violated a constitutionally protected right. The proposed Amended Complaint repeatedly refers to "Defendants" as having acted recklessly, inflicted emotional distress, or that defendants' conduct was extreme and outrageous" (see ¶¶ 142-144), but these mere conclusory statements are not sufficient to demonstrate a plausible claim for relief against any individual defendant.

For an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights[3]. Plaintiffs are required to allege, *for each individual defendant*, that he or she had personal knowledge of and involvement in the alleged deprivation of the minor's asserted constitutional rights to state an individual liability claim.

The only allegations that are specifically directed at Defendants Teer and Cain are found in paragraphs 80-82 of the proposed amended complaint, in which Plaintiffs allege that Cain failed to take appropriate action after a report of bullying, that Defendant Teer allowed an offensive song to be played in his classroom, and that Defendant Cain, after Jane Doe complained to her about it, advised that the issue would be addressed. There is no further explanation of how either of these alleged acts rise to the level of a constitutional deprivation.

---

[3] Defendants have also pleaded a qualified immunity defense to any 42 U.S.C. § 1983 claims against individual employees. Because Defendants believe that Plaintiffs have not met the initial threshold of pleading individual-liability Equal Protection claims under 42 U.S.C. § 1983, they do not believe it is necessary to argue qualified immunity at this stage and reserve the right to do so if any such claim were to survive this Motion.

The proposed Amended Complaint does not adequately flesh out facts sufficient to satisfy the demands of Federal Rules of Procedure 12 and 8 and as set forth in the *Iqbal/Twombly* standard, and therefore, the motion to amend to add these two defendants should be denied.

For the same reasons, all of the individual liability claims against other named defendants should be dismissed from this case. Defendant Ivey, for example, is named in Paragraph 83. Plaintiff's allegation against Ivey is only that in an email with Jane Doe he "dismissed concerns of S.D. regarding coping with her personal issues involving a family death." The allegation that he was not sufficiently concerned about a personal issue is not sufficient to rise to the level of deliberate indifference to a constitutional violation. The allegations against Defendant Harvey are equally insufficient. See ¶ 75, where Plaintiffs allege that Harvey simply replied to an email from the parent. There are no allegations whatsoever regarding any conduct or omissions of Kyle Pearson, Paketrice White, or Christine Thomas. With regard to the other Defendants, there is simply no factual basis from which one could find that any individual employee's conduct met the high standard of "deliberate indifference" to peer harassment of the minor Plaintiff, or that any such conduct was motivated by a discriminatory intent. Plaintiffs essentially either plead respondent superior facts, which are insufficient to sustain a 42 U.S.C. § 1983 individual liability claim, or rely on "naked assertion[s]' devoid of further factual enhancement," that are insufficient to state a claim against any individual defendant under *Iqbal*, 556 U.S. at 678; and *Twombly* 550 U.S. at 557.

Finally, there is no individual liability under Title VI of the Civil Rights Act of 1964, even if Plaintiffs could state such a claim. *See Nurse v. A Better Choice Case Mgmt., LLC,* No. 9:21-CV-455-MBS-MHC, 2021 WL 3410791, at *4 (D.S.C. June 4, 2021), *report and recommendation adopted in part,* No. CV 9:21-00455-MBS, 2021 WL 3088047 (D.S.C. July 22,

7

2021); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 n. 12 (11th Cir.2003*); Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir.1996); *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 521 (3d Cir. 2011).

### D. Violation of Restatement of Torts 323

Plaintiff's Sixth Cause of Action asserting a violation of the Restatement of Torts Section 323 should be dismissed. It is simply a reiteration of the duty to supervise students, which forms the basis of the gross negligence cause of action under the Tort Claims Act, rather than a stand-alone cause of action. The South Carolina Tort Claims Act provides the exclusive remedy in tort against the School District. S.C. Code Ann. §§ 15-78-20(b), -30(d), -30(h).

### E. Necessaries Claim

This claim should be dismissed as well, as it is not applicable in this case. See, *Anderson Mem'l Hosp., Inc. v. Hagen*, 313 S.C. 497, 499, 443 S.E.2d 399, 401 (Ct. App. 1994)(South Carolina recognizes the common law doctrine of necessaries which, in the absence of contract, allows third parties to bring an action against a husband or wife to recover the cost of necessities incurred by the other spouse during marriage. *Richland Memorial Hospital v. Burton,* 282 S.C. 159, 318 S.E.2d 12 (1984)). John and Jane Doe are the parents of S.D. and are not third parties seeking reimbursement for medical expenses. They can recover for out-of-pocket medical expenses and loss of services under South Carolina law, consistent with the Tort Claims Act, against an entity defendant if they can prove their case. *See Doe v. Greenville Cnty. Sch. Dist.*, 375 S.C. 63, 68, 651 S.E.2d 305, 308 (2007).

### CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' motion to amend the complaint to add Cain and Teer as defendants based on futility. Defendants agree to the dismissal of Fitzpatrick and the school as defendants.

8

Additionally, Defendants respectfully request that the Court grant Defendants' cross-motion to dismiss all of the named individual defendants from the case and dismiss the Plaintiffs' claims for Intentional Infliction of Emotional Distress, "Restatement of Torts 323" and the "Necessaries" claim.

                                  Respectfully submitted,

                                  HALLIGAN MAHONEY WILLIAMS SMITH
                                  FAWLEY & REAGLE, PA

By:    *s/ Susan M. Fittipaldi*
        Susan M. Fittipaldi, Fed. Id #: 7087
        sfittipaldi@hmwlegal.com

        Thomas K. Barlow, Fed. I.D. #: 7483
        tbarlow@hmwlegal.com

        P.O. Box 11367
        Columbia, South Carolina 29211
        (803) 254-4035

        Attorneys for Defendants

February 28, 2025
Columbia, South Carolina