# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| John Doe and Jane Doe, Individually, and in a representative capacity as the parents and next friends of their minor daughter, S.D., <br><br> Plaintiff, <br><br> v. <br><br> Dr. Phinnize J. Fischer Middle School, Greenville County Schools, Olivia G. Bennett, Robert E. Ivey, Bradley A. Harvey, Kyle D. Pearson, Christine V. Thomas, Paketrice S. White, Jeremie R. Smith, and Raashad L. Fitzpatrick, <br><br> Defendant(s). | C.A. No.: 6:24-cv-03324-DCC <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AND PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

TO: THE DEFENDANTS AND THE DEFENDANTS' ATTORNEY:

That the Plaintiffs would show this Honorable Court as follows:

### Introduction

The minor Plaintiff in this matter, S.D., is the daughter of Plaintiffs John Doe and Jane Doe. That during the school year of 2021-2022, S.D. was a student at Dr. Phinnize J. Fisher Middle School, located in Greenville County, South Carolina and operated by the Defendant Greenville County School District.

During that school year, that the minor Plaintiff was bullied, harassed, intimidated and assaulted by students at the Dr. Phinnize J. Fisher Middle School in such a fashion and to such an extent that on March 18, 2023, S.D. attempted suicide by hanging. The attempted suicide did not lead to her death, however it left her with severe brain damage, requiring that she receive twenty-four hour care for the remainder of her life.

That the Plaintiffs brought this lawsuit because agents and employees of Dr. Phinnize J. Fisher Middle School and Greenville County School District, who, after notice, repeatedly failed to protect the minor, and in fact, some of the named Defendants were complicit and or contributors to harassment and bullying.

The Plaintiffs have filed their Motion to Amend their Complaint for the purpose of making some corrections, but also for the purpose of adding individuals Metris R. Cain and John S. Teer as individual Defendants. The Defendants oppose allowing the Plaintiffs to amend their Complaint.

The Defendants have now, after six months, also filed a Rule 12(c) Motion to dismiss the individual Defendants and to dismiss portions of the Plaintiffs' Complaint including negligent hiring, supervision, monitoring and retention, negligence, recklessness, willful and wanton conduct, outrage/intentional infliction of emotional distress, Title IX, Section 42 U.S.C. § 1983, and violation of Title VII, 20 U.S.C. § 28 et seq., violation of restatement of Torts 323, Plaintiff's necessaries claim, and the individual Defendants pursuant to Title IX, 20 U.S.C. § 1681 et seq. Such Motion is without merit and at least premature as no discovery has taken place.

## Discussion Plaintiff's Motion to Amend

Defendants Teer and Cain are proper defendant parties as they participated in bullying and discrimination and failed to take proper actions as the Complaint shows. Their actions are detailed in the Proposed Amended Complaint. These two Defendants, along with the remaining Defendants, are proper parties under the Plaintiffs' negligence

claims, intentional infliction of emotional distress claims, and 42 U.S.C. § 1983 claims. The Plaintiffs' Complaint is replete with factual allegations that there were direct actions by these individual Defendants which constituted discriminatory practices and bullying, including calling the minor Plaintiff a "roach" and playing racially discriminatory songs in their classroom (the "Black People's Song"). The Complaint also outlines their failure to take actions against the continued bullying and harassment of the minor Plaintiff. See Plaintiff's complaint paragraphs 72-93.

Furthermore, as has been alleged in the Complaint, the Defendants failed to investigate and take further action to prevent the bullying from occurring, and, in fact, the Defendants' own employees, as listed in the Complaint, participated in the bullying. Twombly only requires that the Plaintiffs plead and allege facts that provide a reasonable expectation that the claims are plausible. The Plaintiffs have alleged more than enough to show plausibility and to place the Defendants on notice of the claims. Twombly does not require a heightened fact pleading, only "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). Clearly, the Plaintiffs have done so.

Defendants' arguments related to the individual Defendants being named in the negligence action fail to acknowledge that the Plaintiffs have specifically included in paragraph 106 of the amended Complaint that there may be actions of the employees of the school district that may be found to be outside the scope of their employment. Certainly, if the school district is going to argue that a teacher playing a racially derogatory song towards the minor Plaintiff in class is in the course and scope of their employment, that may be their prerogative when that time arises and at the time of discovery. However, to the extent that a Defendant may in the future argue that these

actions are outside the scope of employment, these Defendants are proper and appropriate Defendants individually.  In fact, a jury may conclude that the individual actions are outside the scope of their employment, and, therefore, they are proper individual Defendants.  The same applies to the intentional infliction of emotional distress claims, as these claims and actions by the Defendants may be found to be separate and outside the individual Defendants' actions as teachers or employees of the district.

Regarding the allegations of Title IX, the Plaintiffs agree with the Defendants that the individual Defendants cannot be held liable under Title IX. However, the school district can be held responsible under Title IX, and the Plaintiffs merely were recounting the actions by the school district's employees that were violations of Title IX throughout the amended Complaint.

In regards to the Defendants' blanket statement that the Plaintiffs have not stated claims against the individual Defendants under 42 U.S.C. § 1983 and Title VI, the Plaintiffs are at a loss for words. The Plaintiffs have alleged in Paragraphs 36-94 the exact actions that the Defendants took to both allow discriminatory peer harassment, showing that the Defendants did absolutely nothing to prevent additional discrimination and harassment moving forward, and have also alleged that such was done with deliberate indifference and motivated by discriminatory intent. In fact, Paragraphs 72-93 address specific instances of meetings that were held, with no actions taken by the school district and/or its employees to prevent further harassment and bullying occurring in their school.  The Plaintiffs also alleged direct actions by the individual employees that were racist, derogatory, and demeaning to both the minor Plaintiff's race and gender.

Finally, under the cause of action 42 U.S.C. § 1983 and Title VI, the Plaintiffs also reincorporate all those factual allegations and clearly allege that such factual allegations as listed through the above-mentioned paragraphs resulted in the minor Plaintiff being deprived of her equal protection in the school district. The Defendants' arguments are better held for a summary judgment motion in the future after discovery is completed.

Furthermore, the Defendants contend that throughout Paragraphs 141-163 of the Plaintiffs' amended Complaint, the Plaintiffs do not specifically identify of any individual Defendants. However, this is not accurate, as the Plaintiffs specifically "incorporate and reiterate" all the paragraphs from above in the Complaint, which would include all factual paragraphs, as were previously stated, and, furthermore, state that school district employees, by failing to take action, deprived the minor Plaintiff of her constitutional rights under the 14th Amendment and deprived her of her rights under Title VI. The Defendants are merely trying to ignore the facts as outlined in the recitation of facts. The Plaintiffs specifically state in Paragraph 145 that, by failing to step in and prevent the bullying of the minor Plaintiff, the school district deprived the minor Plaintiff of rights to education and equal protection, along with other rights under the Constitution and Title VI, as one example that is throughout the Complaint. The totality of the facts as alleged and the causes of action, coupled with the damages of the minor Plaintiff attempting to hang herself due to the ongoing bullying allowed and participated in by school district employees, are sufficient at this stage of the matters alleged.

The contentions in the Defendants' Memorandum are simply factually incorrect. There are nineteen paragraphs explaining with specificity how the minor Plaintiff was

deprived of her Constitutional rights and how her Title VI rights were violated. Furthermore, individual Defendants are proper and necessary parties under the 42 U.S.C. § 1983 cause of action.

The Defendants' assertion that there are no allegations whatsoever regarding any conduct or omission of Kyle Pearson, Paketrice White, or Christine Thomas are simply inaccurate as well. In fact, Paragraph 76-77 directly deal with Defendant Harvey in a meeting that was held December 17, 2021, between the Plaintiffs and Defendant Harvey. Furthermore, Defendant Harvey is also mentioned in Paragraph 83 and all such paragraphs are further adopted in the later causes of action. All communication which the Plaintiffs have referenced in the amended Complaint is supported by emails involving all Defendant parties. The Plaintiffs are not required to state and mention every single fact that they have in their file which may be evidence to support their amended Complaint. The Plaintiffs have laid out sufficient information to allege and provide proper pleadings under <u>Twombly</u>.

The Defendants appear to have ignored all factual allegations as listed in the 28-page amended Complaint, which again encompasses, as stated above, multiple factual paragraphs outlining specific dates, times of emails, meetings and phone calls, with all of the staff listed as individual Defendants. Furthermore, as the Plaintiffs have alleged, the failures of the Defendants to intervene and act on the basis of the minor Plaintiff's race and gender led her to an environment where she was not protected and where actions were not taken to investigate and prevent further bullying, which eventually led to the minor Plaintiff hanging herself and resulting in brain damage.

Clearly, it appears as though the Defendants do not believe that playing racially derogatory songs, pointing to a female called a "roach" because of her looks, and acting in complicity with the additional bullying that was going on because of her looks and race results in violation of her Constitutional rights. However, this is better resolved under a summary judgment motion or by a jury as opposed to a Motion to Dismiss once discovery has been completed.

To prevail under the 42 U.S.C. § 1983 claims, harassment and bullying can be enough to deprive one of equal educational opportunities or benefits in at least three different ways. First, they result in physical exclusion of the victim from educational programs or activities. Second, they undermine or distract from the victim's educational experience to effectively deny her equal access to an institution's resources and opportunities. Third, they have a negative effect on the victim's ability to participate in educational programs or activities. Doe v. Fairfax County School Board, 1 F.4th 257, 262 (4th Cir. 2021). Clearly, as shown in the allegations by the Plaintiffs above, and as the Plaintiffs will show through the discovery process, the factual allegations above deprived the minor Plaintiff, as mentioned above in the Fairfax County School Board case, of her opportunities under the 14th Amendment as a result of bullying and harassment (again not only caused by other students but by teachers and administrators themselves). The Plaintiffs believe that they have properly and directly alleged these allegations and that they do state legitimate causes of action.

## Defendant's Motion to Dismiss

### Discussion

The Defendants' primary position in this Rule 12(c) Motion is that the Plaintiffs failed to state with any specificity the involvement of the individual Defendants and wrongdoing as alleged in the Complaint.

The Defendants overlook the fact that Plaintiffs' Complaint in paragraphs number fifteen (15) through twenty-six (26) identified the duties or position of the Defendants.

The Defendants apparently completely overlooked Plaintiffs' Complaint in paragraphs seventy-two (72) through eighty-six (86) where the Plaintiffs identify the factual specific involvement of each of the Defendants and their failure to act in the face of known bullying and/or their actual participation in the bullying, harassment and harm inflicted on the minor S.D.

Following that, Plaintiffs' Complaint, in paragraphs ninety-five (95) through one hundred and seventy-three (173), specify the actual legal causes of action relating to all of the factual allegations set forth in the paragraphs above, and incorporated to each legal allegation.

The Defendants overlooked and/or somehow misunderstood the numerous facts alleged in the Plaintiffs' Complaint and as to the participation by each individual named Defendant. The requirements of <u>Twombly</u> have been met, if not exceeded.

### Legal Analysis

A Rule 12(c) Motion to Dismiss is meant to "test the sufficiency of the complaint and not to resolve contests surrounding facts, the merits of the claim or the applicability of defenses. <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir 1992). The standard for a 12(c) motion is the same as a 12(b)(6). <u>Flemming v. Pickard</u>, 581 F.3d 922, (9th Cir. 2009). To survive defendants' motion, the plaintiffs only need a complaint

"sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible, on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) quoting Twombly, 550 U.S. at 570.  In considering the motion, the Court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Parud, 551 U.S. 89, 94 (2007), and all reasonable inferences must be drawn in the non-moving parties favor, Ibarra v United States, 120 F.3d 472, 474 (4th Cir. 1997).  The courts have held the burden of the defendant under their motion for 12(c) is substantial.  Murphy v. Dept. Airforce, 326 FRD 479 (DDC 2018).  Furthermore, the 12(c) motion must be read considering Rule 8's standard that a complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a)(2).  Clearly the Plaintiffs have done so here.

Under a 12(c) Motion, and in determining if a complaint alleges a plausible claim, the Court must accept as true all pled facts and draw all reasonable inferences in favor of the plaintiff.  Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).  The Defendants must show that no material fact is in dispute, and they are entitled to judgement; clearly, they have not done so here. Shuler v. Price Waterhouse Coopers LLP, 514 F. 3d 1365, 1370 (D.C. Cir. 2008).  In fact, the Defendants admit they did most of the actions alleged in the complaint including participating in the bullying. See Defendants' Answer.  Furthermore, all factual allegations in the Plaintiffs' Complaint must be taken as true, and any ambiguity or doubts concerning sufficiency must be resolved in favor of the pleader (the Plaintiff).  Id.  A judgment on the pleadings cannot be granted if the complaint raises issues of fact which, if proved, would support recovery. General Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational

Church, 887 F.2d 228, 230 (9th Cir. 1989). Here, not only have the Defendants admitted to most of the factual allegations in their Answer, as pled, the Plaintiffs have presented more than sufficient facts that would support a recovery for the Plaintiff.

As the Court is aware, there has not been a scheduling order issued on this matter, and no discovery has been completed. Furthermore, the Defendants have filed a Motion to Dismiss on parties that have not yet been included in the Complaint as the proposed Amended Complaint has not been adopted yet.

As in Newman v. Am. Honda Fin. Corp, 2022 U.S. Dist. LEXIS 38993, the Court held that if there is a inquiry of facts and reasonableness of investigation by the defendants, granting a 12(c) motion is not proper. The reasoning was that any inquiry into the facts, and if a defendant acted properly or conducted itself properly, is an issue of fact for the jury and not for a 12(c). Similarly, the Plaintiffs have stated and pled sufficient facts, details including meetings, emails, complaints directly made to individuals and the district that were not addressed by the Defendants.

The Defendants' Motion on Count One of negligent hiring, supervision, monitoring, and retention is unfounded. The Plaintiffs specifically address Greenville County School District, and no individual Defendants are listed or named under such cause of action. Therefore, the Plaintiffs are uncertain as to why the Defendants are moving for a dismissal on this matter, as the Greenville County School District is the appropriate Defendant under this cause of action. The Plaintiffs have not alleged any individual Defendants in their capacities under the first cause of action.

Regarding Defendants' Motion on Count Two, the Plaintiffs believe that they have adequately alleged all proper factual allegations against all individual Defendants

for claims of outrage and intentional infliction of emotional distress against the individual Defendants themselves. Individual Defendants are necessary to the extent their actions are outside their employment with the school district and thus as individuals can be held accountable outside of the Tort Claims Act for their actions. This is further a reason why individual Defendants, including Teer and Cain, should be allowed to be brought into the action through the Amended Complaint.

As to Count Four, Title IX, the Plaintiffs agree that the individual Defendants are not Title IX Defendants; however, Greenville County School District is the properly named Defendant under this cause of action.

Under Count Five, violation of 42 U.S.C. § 1983, violation of Title VI, and 20 U.S.C. § 1681, et seq., the Plaintiffs have properly addressed these issues in their reply to Defendants' Response to Plaintiffs' Motion to Amend and believe they have properly pled the specific allegations required of the individual Defendants, who violated the Constitutionally protected rights of the minor Plaintiff under the 14th Amendment, and thus are proper parties under 42 U.S.C. § 1983. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. …". 42 U.S.C. § 1983. Section 42 U.S.C. § 1983 clearly allows individuals to be sued if they have acted under color of state law and deprived the Plaintiff of their constitutional rights. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 476 (1961).

Regarding Counts Six and Seven, the Plaintiffs are merely stating the duties owed by Greenville County School District and those claims to which minor Plaintiff's parents would be entitled. There is no reason for these to be dismissed as they are properly pled.

Furthermore, the courts have further held that deliberate indifference includes the district and individual defendants' failing to provide evidence that they ever disciplined the offending students. <u>Vance v. Spencer County Pub. Sch. Dist</u>., 231 F.3d 253, 257 (6th Cir. 2000). In the same manner, the Court held that continuing to use the same ineffective manner of "talking to offenders," caused the harassment to increase and did not provide immunity for the school or its employees. <u>Id</u> at 262. The school does not defeat deliberate indifference by just responding or doing something. <u>Id</u>.

For the foregoing reasons, the Plaintiffs believe that they have properly outlined sufficient factual allegations for all Defendants, including specific meetings, phone calls, emails, racially derogatory songs being played, and gender derogatory gestures made by teachers, all of whom have been named in the Amended Complaint and that have been outlined in the factual allegations. The individual Defendants Plaintiffs have sought to add are not only proper parties, they are also necessary parties for the 42 U.S.C. § 1983 claims, the individual claims for intentional infliction of emotional distress, and negligence for any claims that may have been found to be outside the scope and course of their employment for the school district.

**[Signature on next page]**

CHRISTIAN & CHRISTIAN  
Attorneys at Law  
Post Office Box 332  
Greenville, South Carolina 29602  
(864) 232-7363  

s/Joshua D. Christian  
Joshua D. Christian  
Federal ID No: 09732  
Attorney for Plaintiff  

Greenville, South Carolina  
Date: March 6, 2025